UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DR. NICHOLAS ARIZPE, ET AL., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:18-CV-1010-G |
| PRINCIPAL LIFE INSURANCE | ) |
| COMPANY, ET AL., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Before the court are the counterclaims of the defendant Principal Life Insurance Company ("Principal"). *See* Defendant's Answer and Counterclaim to Plaintiffs' Second Amended Complaint ("Answer and Counterclaim") (docket entry 31) at 12. For the reasons stated below, the court concludes that Principal is not entitled to relief on its counterclaims and thus they are **DENIED**.

I. BACKGROUND

A full statement of the factual and procedural background of this case may be found in the court's previous memorandum opinion and order granting Principal's motion for summary judgment. *See* Memorandum Opinion and Order (docket entry

68). Although the court granted summary judgment in Principal's favor and ordered that the plaintiffs take nothing on their claims, *see* Judgment (docket entry 69), Principal did not seek summary judgment on its counterclaims, which therefore remained pending in this case. *See* Motion for Summary Judgment (docket entry 26) at 2, n. 3. Thus, to expedite the resolution of Principal's counterclaims, on July 25, 2019, the court ordered a status conference regarding Principal's counterclaims. *See* Order Setting Status Conference (docket entry 70). Five days later, on July 30, 2019, Principal filed its motion to establish procedures for resolving its counterclaims. *See* Motion to Establish Procedures for Resolution of Counterclaims ("Motion to Establish Procedures") (docket entry 71). The plaintiffs filed their response to this motion on August 5, 2019. *See* Response to Motion to Establish Procedures (docket entry 73). On August 7, 2019, Principal filed its reply. *See* Reply to Motion to Establish Procedures (docket entry 74).

Also on August 7, 2019, the court presided over the previously ordered status conference regarding Principal's counterclaims. *See* Electronic Minute Entry for Status Conference (docket entry 76). As a result of the status conference, on August 8, 2019, the court ordered an evidentiary hearing regarding Principal's counterclaims to. *See* Order Setting Evidentiary Hearing (docket entry 75). On August 12, 2019, the parties appeared before the court for an evidentiary hearing. *See* Electronic Minute Entry for Evidentiary Hearing (docket entry 77).

At the conclusion of the hearing, the court gave the parties the opportunity to submit briefs regarding Principal's counterclaims. *See* Electronic Transcript of Evidentiary Hearing Proceedings ("Transcript") (docket entry 80) at 119-21. On August 16, 2019, Principal submitted its brief regarding the plaintiffs' liability on the defendant's counterclaims. *See* Trial Brief (docket entry 81). On August 21, 2019, the plaintiffs submitted their response brief. *See* Response to Trial Brief (docket entry 82). On August 23, 2019, Principal filed its reply brief. *See* Brief/Memorandum in Support of Trial Brief (docket entry 83). Because the parties have concluded their briefing as to the question of the plaintiffs' liability on Principal's counterclaims, the court concludes that this question is now ripe for decision.

II. ANALYSIS

A. Legal Standard for Principal's Counterclaims

In its answer, Principal raises counterclaims against the plaintiffs for attorney's fees and court costs under the Texas Insurance Code and the Deceptive Trade Practices Act ("DTPA"). *See* Answer and Counterclaim at 12. In particular, Principal contends that pursuant to section 541.153 of the Texas Insurance Code, Principal is entitled to recover its reasonable and necessary attorney's fees and court costs since the plaintiffs' claims under the Texas Insurance Code were groundless and brought in bad faith or for the purpose of harassment. *Id.* Moreover, Principal avers that under

section 17.50(c) of the DTPA, it is entitled to recover its reasonable and necessary attorney's fees and court costs because the plaintiffs' DTPA claims were groundless in fact or law, or brought in bad faith, or brought for the purpose of harassment. *Id*.

Texas Insurance Code § 541.153 provides that "[a] court shall award to the defendant court costs and reasonable and necessary attorney's fees if the court finds that an action under this subchapter is groundless *and* brought in bad faith or brought for the purpose of harassment." *See* Texas Insurance Code § 541.153 (emphasis added). Section 17.50(c) of the DTPA provides that "[o]n a finding by the court that an action under this section was groundless in fact or law *or* brought in bad faith, *or* brought for the purpose of harassment, the court shall award to the defendant reasonable and necessary attorneys' fees and court costs." *See* Texas Business & Commerce Code § 17.50(c) (emphasis added).

Notably, while both statutes feature the same three elements, their requirements differ. While under Texas Insurance Code § 541.153 a defendant, to be entitled to attorney's fees and court costs, must establish that the plaintiff's claims were (1) groundless and brought in bad faith, or (2) groundless and brought for the purpose of harassment, under DTPA § 17.50(c) a defendant need only show that the plaintiff's DTPA claims were either groundless, or brought in bad faith, or brought for the purpose of harassment. *Compare* Texas Insurance Code § 541.153 *with* Texas Business & Commerce Code § 17.50(c); see also *McClung v. Wal-Mart*, 866 F. Supp.

306, 310 (N.D. Tex. 1994) (Belew, J.) (analyzing previous version of § 17.50(c) of the DTPA which was worded similarly to the current § 541.153 of the Texas Insurance Code and determining that a court may award attorney's fees "if it finds that the plaintiff's suit is groundless and brought in bad faith, or it finds the suit was brought to harass the defendant."); *Schott v. Leissner*, 659 S.W.2d 752, 754 (Tex. App. – Corpus Christi 1983) writ ref'd n.r.e., 668 S.W.2d 686 (Tex. 1984).

Despite the slight difference between DTPA § 17.50(c) and Texas Insurance Code § 541.153, Texas courts and federal courts interpreting these two statutory provisions have determined that "whether an action is groundless, brought in bad faith, or brought for the purpose of harassment is a question to be determined by the trial court." *Knoderer v. State Farm Lloyds*, 515 S.W.3d 21, 45 (Tex. App. – Texarkana 2017, pet. denied); *Donwerth v. Preston II Chrysler-Dodge, Inc.*, 775 S.W.2d 634, 637 (Tex. 1989) ("The court, not the factfinder, must determine the existence of groundlessness, bad faith and harassment under section 17.50(c)."); *Alcan Aluminum Corp. v. BASF Corp.*, 133 F. Supp. 2d 482, 506 (N.D. Tex. 2001) (Lindsay, J.) ("A claim for attorneys' fees . . . 'requires the court to determine the existence of groundlessness, bad faith, and harassment. . . .'") (quoting *McDuffie v. Blassingame*, 883 S.W.2d 329, 335 (Tex. App. – Amarillo 1994, writ denied)).

Additionally, both Texas courts and federal courts interpreting these statutory provisions have determined that "[a] groundless action is defined as one having no

basis in law or fact and not warranted by a good faith contention for modification, reversal, or extension of existing law." *Alcan Aluminium Corp.*, 133 F. Supp. 2d at 506 (quoting *McDuffie*, 833 S.W.2d at 335); see also *Donwerth*, 775 S.W.2d at 637. In particular, courts have established that "[t]he standard for determining whether an action is groundless is 'whether the totality of the tendered evidence demonstrates an arguable basis in fact and law for the consumer's claim.'" *In re Frazin*, No. 02-32351-BJH-13, 2017 WL 7050632, Adversary No. 08-3021-BJH, at *26 (Bankr. N.D. Tex. Dec. 22, 2017) (Houser, Chief Bankruptcy J.) (quoting *Kang v. Keen*, 2005 WL 1704840, at *3 (Tex. App. – Houston [1st Dist.] July 21, 2005)). Courts have also explained that "[a] case is not groundless 'simply because a plaintiff failed to convince a jury of the truth of her allegations.'" *Id.* (quoting *Rutherford v. Riatta Cadillac Co.*, 809 S.W.2d 535, 538 (Tex. App. – San Antonio 1991)).

Similarly, Texas courts and federal courts have explained that "[t]o establish bad faith, it must be shown that the claim was motivated by a malicious or discriminatory purpose." *Alcan Aluminum Corp.*, 133 F. Supp. 2d at 506 (quoting *McDuffie*, 883 S.W.2d at 335). "[M]alice may be inferred from the proof that the consumer did not have a good faith belief that there was a basis for his claim." *Knebel v. Port Enterprises, Inc.*, 760 S.W.2d 829, 832 (Tex. App. – Corpus Christi 1988, writ denied). But, "[b]ad faith does not exist simply because a party exercises bad judgement or is negligent." *In re Frazin*, 2017 WL 7050632, at *27.

Finally, Texas courts and federal courts interpreting Texas Insurance Code § 541.153 and DTPA § 17.50(c) have concluded that, to recover attorney's fees under the harassment provision, "the [c]ourt must find that the action was brought for the sole purpose of harassment." *Jacquez v. Compass Bank*, No. EP-15-CV-26-RFC, 2016 WL 4368265, at *3 (W.D. Tex. July 11, 2016) (quoting *Donwerth, Inc.*, 775 S.W.2d at 638). In addition, the Texas Supreme Court has explained that a court's finding of harassment is tied to a finding of groundlessness and bad faith, as "it is difficult to conceive of a case which was not groundless but was brought for purposes of harassment." *Donwerth, Inc.*, 775 S.W.2d at 638.

B. Application

1. *Groundlessness*

The first determination the court must make with respect to the plaintiffs' DTPA and Texas Insurance Code claims is whether those claims were groundless. Principal contends that the plaintiffs' DTPA and Texas Insurance Code claims were groundless for a number of reasons. *See* Trial Brief at 5-14. First, Principal argues that the plaintiffs' statutory claims were groundless in fact and law since Rebekah Arizpe lacked standing to bring her claims and limitations barred Doctor Arizpe's statutory claims. *Id*. at 5-6. Second, Principal argues that the plaintiffs' statutory claims were groundless because: Principal did not make a misrepresentation, as the policy illustration relied on by the plaintiffs in support of their statutory claims

repeatedly stated that the terms of the actual policy would govern; the illustration was not attached to the policy Doctor Arizpe actually received; and the policy made clear that statements by Eric Wyse could not modify the terms of the policy. *Id*. at 6-10. Third, Principal argues that the plaintiffs' statutory claims were groundless because the plaintiffs could not have reasonably relied on any of Principal's statements and because the plaintiffs did not avail themselves of the "free-look" and return period provided in Doctor Arizpe's policy. *Id*. at 10-12. Fourth, Principal avers that the plaintiffs' statutory claims were groundless because the plaintiffs were not damaged by Principal, because Doctor Arizpe would not satisfy the terms of Principal's illustration even if it were incorporated into Doctor Arizpe's policy. *Id*. at 12-13. Fifth, and finally, Principal contends that the testimony of the plaintiffs' expert Jerry Rhinehart ("Rhinehart") provides further evidence of the groundlessness of the plaintiffs' statutory claims. *Id*. at 13-14.

The court is not convinced by Principal's arguments. As to Principal's first contention – that the plaintiffs' claims were groundless because Rebekah Arizpe lacked standing and because the plaintiffs' claims were barred by limitations – the court disagrees with Principal. First, although the court concluded that Rebekah Arizpe lacked standing to bring her statutory claims, the court does not conclude that her claims were groundless. In their response to Principal's motion for sumary judgment, the plaintiffs cited *Brown & Brown v. Omni Metals, Inc.*, 317 S.W.3d 361,

382-83 (Tex. App. – Houston [1st Dist.] 2010, pet. denied), for the proposition that Rebekah Arizpe had standing as a third party to sue Principal for the misrepresentations it made to her. Although the court found this case distinguishable, *see* Memorandum Opinion and Order at 49-50, the plaintiffs' reliance on *Brown & Brown* shows that their position was arguable and thus not groundless and without basis in fact or law.

Furthermore, while the court also concluded that the plaintiffs' statutory claims were barred by limitations, the court does not find that these claims were groundless. See *Donwerth*, 775 S.W.2d at 637; see also *Jacquez,* No. EP-15-CV-26-RFC, at *2 ("The [c]ourt's ruling that [p]laintiff's DTPA claim was barred by limitations does not necessarily mean that the DTPA claim was groundless."). Here, the plaintiffs made multiple good faith arguments for the extension of law by arguing that the doctrines of equitable estoppel and quasi-estoppel prevent Principal from asserting its limitation defense. *See* Plaintiffs' Response to Defendant's Motion for Summary Judgment (docket entry 33) at 7-12. Additionally, Texas courts have found that similar estoppel arguments constitute good-faith arguments for the extension, modification, or reversal of existing law. See, e.g., *Riddick v. Quail Harbor Condominium Association, Inc.*, 7 S.W.3d 663, 678-79 (Tex. App. – Houston [14th Dist.] 1999, no pet.) (concluding that the plaintiff's position that limitations could be extended because of continuing misrepresentations, though

not proven, was "arguable," and thus, that the plaintiff's action was not groundless); *California Federal Mortgage Co. v. Street*, 824 S.W.2d 622 (Tex. App. – Austin 1991, writ denied) (refusing to conclude that the plaintiff's DTPA claim was groundless even though it was barred by the statute of limitations). Accordingly, the court concludes that the plaintiffs' claims were not rendered groundless by virtue of the fact that they were barred by the statute of limitations.

The court is also unpersuaded by Principal's second, third, and fourth contentions regarding the merits of the plaintiffs' statutory claims. Although Principal contends that it made no misrepresentations, that any reliance by the plaintiffs was unreasonable, and that the plaintiffs were not damaged, a review of the summary judgment record and the plaintiffs' complaint persuades the court that the plaintiffs' statutory claims possessed an *arguable* basis in law or fact. In particular, the court concludes that there were arguable factual issues with respect to the plaintiffs' statutory claims based on Principal's alleged misrepresentations. *See* Appendix in Support of Response to Summary Judgment ("Appendix to Response") (docket entry 34) at 16 (reflecting that Principal's employee Travis Griffith inquired as to Doctor Arizpe's activities of daily living, which presents an arguable basis for a claim based on continuing misrepresentations, as well as an arguable basis for reliance); Appendix in Support of Summary Judgment ("Appendix in Support") (docket entry 28) at 10 (showing same); Appendix to Response at 26-34 (Principal's policy illustration

reading that it was valid for presentation in Texas, which presents an arguable basis in fact for a misrepresentation claim). Moreover, the court concludes that the plaintiffs' claims for damages were arguable, since there were some factual issues as to whether Doctor Arizpe qualified for the terms of the catastrophic disability rider as contained within Principal's illustration, *see* Appendix in Support at 10 (showing that Doctor Arizpe needed help showering, opening food, etc.); Appendix in Support at 64-66 (showing factual issues as to Doctor Arizpe's ability to shower, dress, and transfer by himself), and since there is a factual issue as to whether the plaintiffs would have instead purchased a MetLife insurance policy had Principal not made its alleged misrepresentations. Transcript of Evidentiary Hearing (docket entry 80) at 57-59.

Furthermore, the court is not convinced by Principal's argument that Rhinehart's testimony renders the plaintiffs' claims groundless. While some of Rhinehart's testimony supports Principal's position, the court concludes that Rhinehart's testimony, in conjunction with his expert report, present at least an arguable basis for the plaintiffs' statutory claims. *See* Appendix to Response at 118-19 (Rhinehart's expert report in which he states that including the Activities of Daily Living language in Principal's illustration is "deceptive and misleading to persons such as the Arizpes.").

In summary, the court is unconvinced by Principal's argument that the plaintiffs' claims were groundless. While the court ultimately determined that the plaintiffs' were not entitled to relief on their claims, the bar to establish that a claim is groundless is high, and Principal has not cleared that bar. Accordingly, the court concludes that the plaintiffs' statutory claims were not groundless.

2. *Bad Faith*

The court next addresses Principal's argument that the plaintiffs' statutory claims were brought in bad faith. Principal argues that the plaintiffs' DTPA and Texas Insurance Code claims were brought in bad faith because they were not only fatally flawed on the day they were filed, but also because the plaintiffs: (1) did not give Principal pre-suit notice of their claims as required under Texas law; (2) made excessive demands under their statutory claims during settlement negotiations which prevented settlement of the claims, and; (3) continue to "distance themselves from Doctor Arizpe's execution of the [d]elivery [r]eceipt" of Doctor Arizpe's policy. Trial Brief at 14-20.

The court is similarly unpersuaded by Principal's contentions regarding bad faith. To establish bad faith, a defendant must show that the plaintiffs acted maliciously or with a discriminatory purpose. *Alcan Aluminum Corp.*, 133 F. Supp. 2d at 506 (quoting *McDuffie*, 883 S.W.2d at 335). Here, while the court agrees with Principal that the plaintiffs' failure to provide pre-suit notice was negligent, that the

plaintiffs' settlement demands may be viewed as unreasonable, and that the plaintiffs' attempt to avoid admitting receipt of Doctor Arizpe's policy may be a bad judgment call, "[b]ad faith does not exist simply because a party exercises bad judgment or is negligent." *In re Frazin*, 2017 WL 7050632, at *27. Put simply, the court cannot conclude based on the evidence before it that the plaintiffs were motivated by malice or a discriminatory purpose to file their statutory claims. Accordingly, the court concludes that the plaintiffs' DTPA and Texas Insurance Code claims were not filed in bad faith.

3. *Harassment*

Finally, the court must address Principal's contention that the plaintiffs asserted their statutory claims for purposes of harassment. In its brief, Principal contends that the plaintiffs' claims were brought to harass Principal, since the plaintiffs' statutory claims lacked merit, the plaintiffs sought to use those claims to recover millions to which they were not entitled, and because the plaintiffs' claims were groundless and brought in bad faith. Trial Brief at 20. The court disagrees. Principal has not shown the court that the plaintiffs filed their statutory claims to harass Principal, nor has Principal established that the plaintiffs' DTPA and Texas Insurance Code claims were groundless and brought in bad faith. Rather, the plaintiffs' claims were all supported by at least a colorable argument, and appear to have been filed in an effort to vindicate the alleged violation of their rights. While

the plaintiffs' claims were ultimately denied by the court, the court cannot conclude based on the evidence before it that the plaintiffs' claims were brought solely to harass Principal. Accordingly, the court concludes that the plaintiffs' statutory claims were not brought for the purpose of harassment.

Ultimately, since the court is unable to conclude that the plaintiffs' claims were groundless, that they were brought in bad faith, and/or that they were brought to harass Principal, the court concludes that Principal has failed to establish the elements of its counterclaims and is not entitled to relief on them.

### III.  CONCLUSION

For the reasons stated above, judgment will be entered that Principal take nothing on its counterclaims.

**SO ORDERED**.

September 6, 2019.

_____
**A. JOE FISH**
**Senior United States District Judge**